UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY ROSSLER,

                                **Plaintiff,**

  vs.                                                 1:19-CV-1618
                                                             (MAD/DJS)
BANK OF AMERICA, N.A., and AJAX 2018-REO LLC,
C/O GREGORY FUNDING LLC,

                                **Defendants.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

ANTHONY ROSSLER
1458 Vley Road
Schenectady, New York 12302
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On December 27, 2019, Plaintiff commenced this action *pro se* against Bank of America, N.A., and AJAX 2018-REO LLC (care of Gregory Funding, LLC). Plaintiff's Complaint, liberally construed, appears to allege a dispute between the parties regarding a real property matter.

      On February 4, 2020, Magistrate Judge Stewart reviewed Plaintiff's Complaint and granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 8. Magistrate Judge Stewart conducted an initial review of the sufficiency of the Complaint pursuant to 28 U.S.C. § 1915(e), and found that the Complaint failed to comply with the Federal Rules of Civil Procedure and should therefore be dismissed. *See* Dkt. No. 9. Specifically, Magistrate Judge Stewart noted that Plaintiff failed to set forth a short, plain statement of the case, and failed to provide sufficient

facts within the document to enable the court to assess whether or not he has a viable claim, or whether any such claim is within an applicable statute of limitations period.  *See id.*

On February 24, 2020, Plaintiff objected to the Report-Recommendation and Order.  *See* Dkt. No. 11.  Plaintiff's objections to the Report-Recommendation and Order merely reiterate the same legal standards recited in the Complaint, and failed to provide additional legal or factual support for his allegations.  *See id.*

When a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that the action or appeal: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  In making this determination, "the court has the duty to show liberality towards pro se litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action *in forma pauperis*."  *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994).

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of  Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense.'"  *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))).

2

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Having carefully reviewed the Report-Recommendation and Order, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Stewart correctly

3

determined that the Court should dismiss Plaintiff's Complaint for failure to comply with the Federal Rules of Civil Procedure.  Specifically, Plaintiff failed to explain or clearly state the dates and times of the events that are at issue in this lawsuit, instead stating "[t]hese events have especially taken place within the past few years, following the crises and debacles stemming from the Mortgage Meltdown disaster circa 2008." *See* Dkt. No. 1 at 4.  Such a statement does not allow the Court to properly assess whether the claims fall within any applicable statutes of limitations.  Further, Plaintiff failed to state any specific actions taken by Defendants beyond general conclusory assertions of fraud, negligence, and misrepresentation, stating "[t]his action cites: Fraud, Negligence, and Misrepresentation attributed to Defendants' multiple violations of ignoring proper loan procedures." *See id.* at 6.  Plaintiff then references "divergent paths taken by both the mortgage note and by the deed of trust," but fails to explain how this allegation relates to any alleged misconduct by the named Defendants. *See id.* at 4.  As Magistrate Judge Stewart noted, the Complaint as currently written is insufficient to place Defendants on notice of the claims asserted against them and should therefore be dismissed.  The Court finds further that Plaintiff should be given an opportunity to amend his Complaint so that it complies with the basic pleading requirements set forth in the Federal Rules of Civil Procedure.  Plaintiff should carefully read and follow the directions set forth in Magistrate Judge Stewart's Report-Recommendation and Order, which explicitly outline what is required for compliance.

After carefully reviewing the record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Stewart's February 4, 2020 Report-Recommendation and Order is **ADOPTED in its entirety**; and the Court further

**ORDERS** that, pursuant to 28 U.S.C. § 1915, Plaintiff's Complaint is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff shall file his amended complaint within **THIRTY (30) DAYS** of the date of this Order; and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint within thirty days of the date of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order from the Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 25, 2020
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge